Shaw, C. J.
The plaintiffs, in the present case, set out their claim, in seven different counts, in an action on the case. The gravamen of them all is, that, in the spring of 1848, the defendant, by a memorandum in writing, agreed to let to the plaintiffs the lower floor and cellar of a large warehouse, in Federal street, for the term of five years, at a rent of $1,850 per annum. In some of the counts, it is alleged that the defendant falsely warranted the store or warehouse; and in others, that he falsely represented the same to be reasonably fit for occupancy; that he was the builder, that it was fit for occupancy as a dry goods store, that it was so strong that, if filled with pig lead, it would not break down; that to induce the plaintiffs to hire it, the defendant falsely warranted it to be strong and stanch, when, in fact, it was weak, negligently and improperly constructed, insufficient, and this well known to the defendant; that the plaintiffs, relying on such warranty and representation, did agree to hire the same, entered on the same, and removed their goods into it; that, by reason of the weakness, ill-construction and insufficiency of the warehouse, it fell down, by means of which their goods were greatly damaged.
We suppose it well settled by the authorities, that, although covenant or assumpsit, according to the form of the contract, would lie for a breach of a contract of warranty; yet, alleging such warranty to be false, case will also lie, so that counts on a false warranty may be joined in the same declaration with counts on a false representation. Williamson v. Allison, 2 East, 446; Stuart v. Wilkins, 1 Doug. 18.
Still, the question is, whether, in the first case, there appears to have been either a false warranty or false representation, upon which the action will lie.
At the trial, the charge of false representation, or fraud in fact, or an intention to deceive, was disclaimed, so that the only question remaining is, whether there is ground to charge the defendant with having warranted the warehouse to be strong and sufficient for occupancy as a dry goods store, when *93 in fact it was not in that condition. The right of action in this form is founded on the assumption that, if the defendant will warrant a fact to be true, without knowing whether it is true or not, even believing that it is true, but without knowing it, although he may have no intent to deceive, yet if, in fact, it is not true, and a third person, relying on such warranty, acts upon the faith of it and sustains damage, case will lie. 2 East, 446, cited above. Whether there was such warranty, therefore, must depend on the memorandum in writing, in which the entire agreement was contained.
Some question was made, whether this memorandum, somewhat informal, was to be regarded as a present demise, or for a term of years, or an executory stipulation for a lease to be made afterwards. In general, when one stipulates that another shall have the use, benefit, and enjoyment of real estate, definitely described, accompanied by an actual entry and enjoyment of the estate, this is evidence of a present demise. Fiske v. The Framingham Manufacturing Co. 14 Pick. 491. But perhaps this is immaterial, as the relation of landlord and tenant subsisted between these parties ; and whether the plaintiffs were tenants for years or tenants at will, is not material to this action. Whatever species of tenancy subsisted, it was constituted by the memorandum in writing, and must be regulated and governed by it.
By this memorandum, the defendant agrees to let the warehouse to the plaintiffs, for the term of five years, &c.; to put the same in such repairs and order, with such furniture, &e. But there is no warranty, contract, stipulation, or undertaking, that the warehouse is strong, well built, suitably constructed, or fit for any kind of business whatever. There is, therefore, no express warranty, which was broken by the falling of thei store.
And this court are also of opinion that there was no implied warranty in this memorandum, if, indeed, a breach of an implied warranty, equally with that of an express warranty, were evidence of deceit. It is not described as hired or intended for any specific purpose, or for any particular kind or branch of business; and, though it was known that the plaintiffs were *94 dealers in dry goods, and would probably use the warehouse in that business, yet that is not expressed in the written agreement ; and it would have been quite within the right of the lessees to use the estate for any other branch of business, or for a manufactory or dwelling house. It therefore does not come within the authority of cases, wherein furnished rooms, in a lodging house, are let for parlor, bedroom and the like, for a particular season of the year, in which a warranty may be implied that the rooms are properly furnished and suitably fitted for such particular use. Smith v. Marrable, 11 M. & W. 5.
But the authority of these cases has been much shaken, if not wholly overruled, so far as it applies to real estate, by the subsequent cases. Sutton v. Temple, 12 M. & W. 52; Hart v Windsor, 12 M. & W. 68.
If there was any warranty, express or implied, it was a part of the contract of hiring, and not something separate and independent, and must, therefore, be found as one of the items or terms of that contract. The evidence, therefore, offered for the purpose of showing that the defendant said to one of the plaintiffs, that the warehouse was strong enough to stand if filled with pig lead, was not admissible; it would be adding to the terms of a written agreement by parol evidence, which is contrary to the rules of law. The court are, therefore, ol opinion, that the action cannot be maintained.

Plaintiffs nonsuit.