# CHARLESTON.

## ALTIZER v. BUSKIRK.

### Submitted September 16, 1897—Decided December 11, 1897.

1. DETINUE—*Action on Bond—Pleading.*

   In an action on a bond given by a plaintiff in detinue to obtain immediate possession of the property, under section 1, chapter 102, Code, it is not necessary to aver or prove that there was a judgment in favor of the defendant in the action settling his right to the property, and fixing its value, where the action has been dismissed or nonsuit suffered by the plaintiff. (p. 257.)

2. DETINUE—*Action on Bond—Pleading.*

   In an action on a bond given by a plaintiff in detinue, under section 1, chapter 102, Code, to obtain possession of the property, it is indispensable to allege and prove that the property was seized from the plaintiff under process in the case, and delivered to the plaintiff in detinue. (p. 258.)

3. ACTION ON BOND—*Pleading—Evidence.*

   A plea of "conditions performed" in an action on a bond with collateral condition controverts and calls for proof by the plaintiff of all the facts alleged by him essential to sustain his action, except that it admits the bond. (p. 258.)

Error to Circuit Court, Logan County.

Action by William Altizer against U. B. Buskirk on a bond. Judgment for plaintiff. Defendant brings error.

*Reversed.*

VINSON & THOMPSON and J. S. MARCUM, for plaintiff in error.

Brannon, Judge:

Clay & Headley brought an action of detinue in the Logan circuit court against Altizer, to recover saw logs, and, in order to obtain immediate possession of the property, executed a bond under section 1, chapter 102, Code, and afterwards suffered a nonsuit. Thereupon Altizer brought this action of debt against Buskirk upon the said bond, and recovered a verdict and judgment, and Buskirk brings the case here.

It is urged that a demurrer to the declaration was improperly overruled. The theory upon which this point of error is predicated is that the declaration does not allege that there was a verdict or judgment finding that the property belonged to Altizer, or ascertaining its value, or directing its redelivery to Altizer. There is nothing in this point. The bond makes the obligors covenant, not only to pay all costs and damages which may be awarded against them by the court in the case, but all damages sustained by any person by reason of the action, and to have the property forthcoming to answer any judgment in the case concerning it; in other words, it provides not only that the property shall be present to meet any order of the court in the case, but that any party injured by reason of the action or proceedings in it shall be paid his damages. That is a distinct covenant. It would be, indeed, strange that if the plaintiff chose to expressly dismiss his action, or not to prosecute it, so that a nonsuit followed, and no judgment touching the right of property should be made, the party whose property had been taken from him wrongfully, and given to the plaintiff, and converted by him to his own use, whereby it was lost to the rightful owner of it,—I say it would be strange in such a case that the true owner, the defendant, should be without any relief on the bond. Useless, then, would be the statute and the bond under it. This is simply a bond with the collateral condition to do certain acts, one of them being to pay any damages to the owner of the property. And it makes no difference that it was given in a legal proceeding, for breach of its covenant. An action can be maintained just as well as upon a sheriff's bond, or upon

any bond taken in the country with collateral conditions. No judgment of the court is necessary to give right of action upon it. And in this case the defendant objected to the nonsuit, but he was overruled, and how could he compel the court to render judgment for him? After its dismissal, he could not ask the court to ascertain the value of the property, or to make any order in respect thereto, as the case was ended. He was compelled to have recourse to an action upon the bond to repair his damages.

As to the motion of the defendant in this action of debt to set aside the verdict: It is urged that there is no evidence proving Altizer's ownership of the property. The record furnishes none. I thought at first that the declaration in detinue would, as against the defendant, establish possession in Altizer, and thus furnish *prima facie* evidence of his right of property; but that declaration was not filed by Buskirk, the only defendant in this action, and the declaration would constitute no admission against him. Neither do I think the bond does so, as it does not recite Altizer's possession as a fact. The record, as I read it, presents a singular absence of evidence upon the vital point of plaintiff's title. It presents no evidence that the property was taken from him, and delivered to the plaintiff in the detinue case; and, of course, that must appear in the case to entitle the plaintiff to recover. *Brall* v. *Maurum*, 24 W. Va., 652. True, the return of the sheriff on the summons in detinue does show that he delivered to the plaintiffs in that action nineteen logs; but there is no evidence that they ever got possession of the other eighty-one logs; and there is no evidence that the nineteen logs have a value of the amount of nine hundred and twelve dollars and fifty-six cents, as the declaration in detinue charges both lots of logs to be of the value of only five hundred and five dollars. In fact, the case presents no evidence of value, and a jury or court cannot guess value, but must have a basis for ascertainment of value. I looked to see how far the pleadings in this case might help the plaintiffs to sustain their recovery, but I find the pleas to be conditions performed and conditions unbroken. The plea of condition performed answers the whole cause of action in the declaration mentioned, and controverts the

plaintiff's right to any recovery at all; in short, puts the plaintiff upon proof of all the facts necessary for his recovery except the execution of the bond. *State* v. *Hays*, 30 W. Va., 108, (3 S. E. 177); *Archer* v. *Archer's Adm'r*, 8 Grat. 539. The plaintiff's case furnishes no evidence whatever, as to essential points, to sustain the verdict. It is not a case where some evidence has been given, so that the verdict of the jury cannot be set aside unless plainly contrary to the evidence; but it is a case of a total absence of evidence to warrant the verdict. *Grayson's Case*, Sixth Grat. 712.

The plea of *res judicata* was properly rejected, because utterly uncertain. It does not allege, except inferentially, the identity of the subject-matter. It does not allege identity of parties, except inferentially. It does not allege a final judgment and its purport, and does not vouch the record of the judgment. Judgment reversed, verdict set aside, and new trial.

*Reversed.*