EDWARD BURNER v. HIGMAN & SKINNER COMPANY and J. P.
and T. S. MARTIN, Appellants.

**Reformation of instruments.** Ordinarily reformation of instru-
ments will only be granted as between the original parties,
those claiming under them in privity, or those with notice of
the facts.

**Same.** An instrument will not be reformed for a useless purpose,
or where its reformation will affect simply the weight of evi-
dence; and in either case it is not erroneous to strike from the
petition allegations upon which such relief is sought.

*Appeal from Woodbury District Court.*— HON. F. R.
GAYNOR, Judge.

WEDNESDAY, FEBRUARY 13, 1907.

SUIT to recover damages for a personal injury. Trial
to a jury and verdict and judgment for the plaintiff. The
defendants Martin appeal.— *Affirmed.*

*Jos. S. Lawrence* and *W. G. Sears,* for appellants.

*F. E. Gill,* for appellee.

SHERWIN, J.— This is the second appeal in this case.
The opinion on the first appeal will be found in 127 Iowa,
580, where a full statement of the facts will be found, and
we need not repeat them. On the second trial there was a
judgment against Higman & Skinner Company and James
P. and T. S. Martin, and the Martins alone appeal. The
lease from the Martins to Higman & Skinner Company con-
tained this clause: " And it is further covenanted and
agreed by the parties aforesaid that said lessee to have the
right in common with other tenants of said building to the
use of the said freight elevator in said building." The Mar-

tins amended their answer for the instant trial and plead affirmatively that their contract of lease with Higman-Skinner Company did not reserve or agree to reserve the use or possession of the elevator to the said lessors or to their tenants, or to either of them, but made an absolute agreement with said tenants without any reservation of any kind intended to be contained therein.

They further plead that the clause which is set out above was inserted in the lease by mistake, and they asked that the lease be reformed and the case transferred to the equity calendar for that purpose. These allegations were stricken on the plaintiff's motion, and of this ruling the appellants complain. There was no error in the ruling. While it is true that equity will reform a written instrument, and that equitable defenses may be interposed in law actions under the provisions of Code, section 3566, it is equally as true that ordinarily reformation will not be granted except as between the original parties or those claiming under them in privity, or those with notice of the facts. *Warburton v. Lauman,* 2 G. Greene (Iowa), 420.

1. REFORMATION OF INSTRUMENTS.

The plaintiff was not a party to the lease, and was not bound thereby. If there had been a reformation thereof as between the appellants and Higman-Skinner Company, the plaintiff might still have proven by parol that the appellants were, in fact, in full or partial control of the elevator at the time he was injured. On the other hand, it was competent for the defendants to show that they did not control the elevator, notwithstanding the terms of the lease reserving such power. They did, in fact, make such defense as ·fully as they could have done under any circumstances. The plaintiff had an absolute right to try his case to a jury, and the only effect of a reformation of the lease would have been to strengthen the appellant's position on the vital issue in the case, namely, the appellant's control over the elevator; and it is manifest that it would have been

2. SAME.

rank injustice to have compelled him to try such issue out in equity for the possible benefit of the appellants.    It is fundamental that the courts will not do vain and useless things; hence an instrument will not be reformed where the reformation asked would be entirely futile, or where it would effect the weight of evidence only.    *Gardner v. Knight,* 124 Ala. 273 (27 South. 298) ; 24 Am. & Eng. Enc. of L. 657.    Our conclusion on the foregoing question necessarily disposes of the appellant's contention that the lease in question should not have been admitted in evidence.

The real contention of the appellants is that they were not in control of the elevator and building at the time of the accident, and around this thought they group their contentions for error in the trial.    The evidence on the question of their control of the elevator is practically the same as was presented on the former appeal, and we then held that it was sufficient to take the case to the jury.    We find no reason for reaching a different conclusion now.    The same answer may be made to the claim that the plaintiff was guilty of contributory negligence.    The jury found otherwise, and we have no disposition to interfere with the finding.    See 127 Iowa, 580.    Some complaint of the instructions is made in argument, but we think every question raised on this appeal, except the question of the right to reform the lease, is settled by the former opinion which is the law of the case. The appellee's motion to strike the appellant's abstract and the amendment thereto is overruled.

The appellant's motion to strike the appellee's denial and amendment to abstract is overruled, but the cost of printing twenty pages thereof will be taxed to the appellee.    We find no ground for a reversal, and the judgment is *affirmed.*