NATIONAL CASH REGISTER CO. *v.* DEHN.

SALES—ACTION FOR PRICE—CONTRACT—FULFILLMENT—EVIDENCE
—SUFFICIENCY.

> In an action for the price of cash registers sold, evidence ex-
> amined, and *held*, that defendants were properly allowed to
> take the verdict of the jury upon the question whether the
> machines delivered, though corresponding to the written
> order, were of the same description as the ones actually
> ordered.

Error to Bay; Collins, J. Submitted November 18,
1908. (Docket No. 22.) Decided December 14, 1908.

Assumpsit by the National Cash Register Company
against August Dehn and Carl O. Dehn, copartners as
Dehn Bros., for goods sold and delivered. There was
judgment for defendants, and plaintiff brings error.
Affirmed.

*Pierce & Kinnane,* for appellant.

*Lee E. Joslyn,* for appellees.

BROOKE, J. This case was before this court on a prior
occasion. See 139 Mich. 406. A sufficient statement of
the facts therein appears. The judgment upon the former
trial was there reversed for errors pointed out. BLAIR,
J., speaking for the court, says in conclusion:

"We think that the only question which should have
been submitted to the jury was whether the machines de-
livered were of the same description as the ones actually
ordered, and the jury should have been instructed to find
a verdict for the plaintiff in case they found that the cash
registers delivered were the same kind of registers as those
ordered."

The trial court charged the jury as follows:

"Gentlemen of the jury: This action is brought by the plaintiff against the defendants to recover from the defendants the price of two cash registers which were delivered to the defendants on the 12th of October, 1903, and, if the plaintiff is entitled to any recovery, it is entitled to recover $450, with interest from October 12, 1903. You understand from the testimony that two kinds of cash registers have been described and talked about in the testimony, one the No. 35¼, total adding register, which is the one described in the contract, and another, called an 'initial keyboard register,' which is the kind defendants claim they bought and that they believe were described in the contract.

"The contract signed by the defendants purports to contain all the terms of a complete contract. It was acted upon by the plaintiff, who shipped and delivered to the defendants the two cash registers described in the order, and performed its part of the contract according to its terms, and the plaintiff is entitled to recover in this case a verdict for the price of said cash registers, unless that right of recovery is defeated by showing that the defendants' signature to the contract was obtained by fraud practiced by Mr. Kelley, plaintiff's agent. The sole defense in this case is the claim made by the defendants that Kelley obtained the signature to the contract in this case by fraud, and if it were not for this claim of fraud by the defendants, and testimony put in in support of the case, it would be my duty to direct a verdict in favor of the plaintiff. I charge you that fraud is not lightly presumed, but must be proved, and unless you find that it is shown by a preponderance of evidence that Mr. Kelley procured the signature of defendants to the contract by fraud, then your verdict must be for the plaintiff.

"The question of mutual mistake does not arise in this case, as defendants made no claim on that ground in the notice of defense filed with their plea, and there is no evidence offered in support of the claim that the registers in question were inferior in quality and did not work properly, so that the sole question for you to consider is the claim that fraud was practiced by plaintiff's agent on defendants when the contract was signed. Before you can find such fraud as will make this contract void, it must be shown by a preponderance of evidence that plaintiff's agent, Mr. Kelley, wilfully, and with intent to cheat and wrong defendants, inserted a false description of the reg-

isters in the contract, and, further, that Mr. Kelley, by the use of some device or artifice calculated to deceive, procured defendants' signature to such paper, and the mere fact, if you find such to be the fact, that there was a mistake in drawing the contract, and defendants signed it without reading it, is no defense.   Merely the fact that plaintiff's agent did not read the contract to Carl Dehn before he signed it for his firm, if you find such to be the fact, has no tendency to show fraud on the part of the agent, as it is the duty of the person to read a contract or procure it to be read to him before he signs, and, if he neglects to do so, it is his own negligence, and will not relieve him of liability, unless he was prevented from reading the contract by some artifice or action of the other party.

"It is the rule of law that the terms of a written contract cannot be varied or changed by oral evidence of what was talked of by the parties before or at the time it was signed, and all such talk is merged in the writing, and the terms of the written contract cannot be disputed or contradicted by evidence tending to show that a different agreement was made between the parties than that shown in the written instrument.   The defendants cannot be permitted to set up an oral arrangement previous to or at the time the contract was signed as against the writing itself.

"The contract in evidence in this case purports to contain all the elements of a binding contract, and is signed in due form by defendants, and has been acted upon by the plaintiff in this case, who delivered the registers in reliance upon the same, and I charge you that the execution of this contract must be given weight, and that a written contract of this kind should not be lightly set aside.

"I charge you, also, that plaintiff's agent had a right to make a sale to the firm through either of the partners, and use persuasion to induce Carl O. Dehn to buy the 35¼ registers, even if you should find that Mr. Kelley knew that August Dehn favored the initial key register, and I charge you that one partner has authority to bind his firm by signing a contract like the order in this case, and the consent or approval of his copartner was not necessary.   If the preponderance of evidence in this case shows that Kelley, the plaintiff's agent, represented to Carl O. Dehn that the order he signed was an order for two initial keyboard cash registers, and that Carl O. Dehn re-

lied upon Kelley's statement and was induced to sign the contract and did sign under the supposition and belief on his part, caused by the statements of Kelley, that the order as written was an order for initial keyboard machines, then the defendants were not bound by the order and were not bound to accept the machines that were given, and your verdict should be for the defendants.

"If, under the charge I have given, you find for the defendants, you will say, 'No cause of action.' If for the plaintiff, you will return a verdict of $450, with interest from October 12, 1903, at 5 per cent. to this date."

Under this charge the jury returned a verdict of no cause of action. The plaintiff filed its assignments of error, which are in effect but one. It is its claim that the record fails to disclose any evidence of fraud on the part of the plaintiff's agent, and that therefore the court should have directed a verdict in its favor for the amount of $450 and interest, the price of the cash registers in question. An extended review of the testimony on the part of the defendants is not necessary. It is sufficient to say that it was claimed by both of the defendants that the machines ordered by the defendant Carl O. Dehn on behalf of the partnership were of the initial keyboard type, which was a different type of machine than the No. 35¼, which was inserted in the contract relied upon.

On behalf of the defendants, it is claimed that Carl O. Dehn had no familiarity with the numbers by which the machines ordered were designated, and that he was led to believe by the agent, Kelley, that the contract which he signed described the machines he had purchased. It is likewise apparent from the record that, upon the arrival at the place of business of defendants of the machines actually shipped, they immediately protested that they were not those which had been purchased. Under these circumstances, we do not think it can be said that there is no evidence to go to the jury tending to show that the agent inserted in the order a number which described a machine not purchased by the defendants. Aside from the fact that this court has already passed upon the ques-

tion at issue in this case upon a record substantially similar to the one before us, we are clearly of the opinion that the testimony offered on behalf of the defendants entitled them to go to the jury upon the question of whether or not the machines delivered were of the same description as the ones actually ordered. See *Holcomb v. Noble*, 69 Mich. 396; *Ripley* v. *Case*, 78 Mich. 126, 86 Mich. 263; *Krause* v. *Cook*, 144 Mich. 368. See, also, *Shrimpton & Sons* v. *Netzorg*, 104 Mich. 225. The charge above quoted presents the plaintiff's theory of the case to the jury quite as favorably as the plaintiff is entitled to have it presented under the evidence.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.