## No. 8817.

### WEDMAN ET AL. v. CARPENTER ET AL.

JUDGMENT—*Lien of*, stands upon the same footing as that of a purchaser in good faith; and upon the question of good faith the the judgment creditor and the purchaser are subject to the same tests.

2. NOTICE—*Recorded Conveyance of Lands*, is notice only as to the land therein described. As between an innocent purchaser for value, and one who has accepted a mortgage containing a false description, the former is preferred.

3. BONA FIDE PURCHASER—*Protected in Equity*. Equity will not reform an instrument to the injury of a *bona fide* purchaser.

*Error to Alamosa District Court, Hon. Jesse C. Wiley, Judge.*

Mr. CHARLES M. CORLETT, Mr. GEORGE M. CORLETT and Mr. ARTHUR HOUSTON, for plaintiff in error Wedman; Mr. CHARLES D. HAYT, JR., pro se, for plaintiffs in error.

Mr. ALBERT L. MOSES, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THE plaintiff was the owner of lands described as the south half of Section 31, Township 38, North of Range 9, East, in Conejos County, subject to an incumbrance of $2,500. On February 11th, 1911, plaintiff sold and conveyed the lands by warranty deed to C. Carpenter, subject to the mortgage upon which had then been paid the sum of $1,000.

Carpenter, as a part of the purchase price, executed and delivered to plaintiff a deed of trust to the Public Trustee, to secure a sum represented by three notes payable to plaintiff, and due at different times, aggregating the sum of $3,400. It was intended by the parties that the deed of trust was to cover the identical lands purchased, but by error of the scrivener, the deed was made to cover the south half of Section 31, Township 37, North of Range 9 East, instead of Township 38, as was intended. All instruments were properly recorded.

Subsequently Carpenter sold the southwest one-quarter of Section 31, Township 38, North of Range 9 East, to Geo. J. Hills, subject to one-half of the amount secured by the two mortgages, then supposed to cover the entire half section of land. Later the said Hills sold the said southwest quarter section to Winfield Marvel, and conveyed the same by warranty deed, without mention in the deed of the Wedman indebtedness, or the trust deed given to secure it.

Subsequently, and before the institution of this suit, Marvel died, and under his will, his widow became the legal holder of the tract. On the 21st day of October, 1913, in the District Court of Conejos County, Chas. D. Hayt, plaintiff in error, obtained a judgment against Carpenter and another, in the sum of $2,218.33. October 25, 1913, a duly certified transcript of said judgment was filed with the Clerk and Recorder of Conejos County, and it is claimed that judgment became a lien on the real estate of Carpenter, particularly the south half of Section 31, Township 38, North of Range 9 East.

This suit was instituted in December, 1913, and is to reform the trust deed, so as to conform to the description of the lands intended by the parties at the time, and to foreclose said trust deed as a mortgage upon the lands so intended to be described therein. The contention of the plaintiff is that his claim under the trust deed is superior to the claim of Marvel under the deed, and likewise to that of Hayt under his judgment lien. All parties thereto, except Hayt, were non-residents of the State of Colorado at the time of the several transactions.

The court found that Marvel was an innocent purchaser in good faith, and rendered judgment in favor of Mrs. Marvel, from which the plaintiff has sued out his writ of error. The court further found that Hayt had full notice of the claim of plaintiff, and the mistake made in the trust deed, and that therefore his interests were subject to the claim of plaintiff under the trust deed, which he caused to be reformed by the judgment in favor of plaintiff and against Hayt, who sues out his writ of error as relates to this part of the judgment.

The testimony is clear that Marvel had no sort of actual notice of the existence of the trust deed, at the time of his purchase, and that he acted in entire good faith. There is not a scintilla of testimony to indicate that Hayt had actual notice of the existence of the mortgage at the time of filing his transcript of judgment, so that the court could only have found that he was bound by constructive notice.

It is true that Hills, who purchased the Marvel quarter section from Wedman, had actual notice of the facts, and is bound by such notice as against the plaintiff.

It is settled in this state that the lien of a judgment creditor stands upon the precise footing as that of an innocent purchaser or encumbrancer in good faith, subject to the same tests as to good faith and regularity generally. *Western Chemical Co. v. McCaffery,* 47 Colo. 397, 107 Pac. 1081, 135 Am. St. 234.

The trust deed, with the erroneous description, was recorded on April 5th, 1911. This proceeding in reformation and foreclosure was not instituted until December, 1913, and there is no evidence in this case tending to show that either Marvel or Hayt had actual notice of its existence before the latter date. The recorded deed of trust was constructive notice only as to the lands described therein, and none other. It was said in *Carroll v. Kit Carson Co.*, 24 Col. Ap. 217, 133 Pac. 148:

"A deed duly recorded is constructive notice of its existence, and of its contents, to all persons claiming what is thereby conveyed under the same grantor by subsequent purchase or mortgage, but not to other persons. 3 Wash. R. P., 319, Sec. 53. In the case of *Maul v. Rider*, 59 Penn. 167, Sharswood, J., says: 'That the record of a deed is constructive notice to all the world, is too broad an enunciation of the doctrine. Such record is constructive notice only to those who are bound to search for it, as subsequent purchasers and mortgagees, and all others who deal with it on the credit of the title in the line of which the recorded deed belongs.' *Gillett et al. v. Gaffney et al.*, 3 Colo. 366, cited in *Smith v. Russell*, 20 Col. Ap. 554, 80 Pac. 474, and in *Judd v. Robinson*, 41 Colo. 222, 229, 92 Pac. 724, 124 Am. St. 128, 14 Ann. Cas. 1018.

It is well settled in this jurisdiction that the rights acquired by *bona fide* purchaser of real estate, without notice of an unrecorded deed, are not measured by the actual interest of the seller in the land, but rather by his apparent interest. *Hallett v. Alexander*, 50 Colo. 37, 114 Pac. 490, 34 L. R. A. (N. S.) 328, Ann. Cas. 1912 B 1277. As between the negligent incumbrancer and an innocent purchaser for value, the former must suffer.

It has been uniformly held that the right of a court of equity to decree a reformation of an instrument does not extend to reforming such instrument to the injury of a bona fide purchaser without notice. *Flanders v. O'Brien*, 46 Ind. 284; *Pence v. Armstrong*, 95 Ind. 191; *Nelson v.*

*Spence,* 129 Ga. 35, 58 S. E. 697; *Burner v. Higman Co.,* 133 Iowa 315, 110 N. W. 580; *Martin v. Nixon,* 92 Mo. 26, 4 S. W. 503; *Sentell v. Randolph,* 52 La. Ann. 52, 26 South. 797; *Robinson v. Braiden,* 44 W. Va. 183, 28 S. E. 789; *Goodbar v. Dunn,* 61 Miss. 618. And in *White v. Denman,* 16 Ohio 59, it was held that this doctrine must be applied to a defectively executed mortgage as against a subsequent judgment lien.

The judgment as to Marvel is affirmed, and the judgment as to Hayt is reversed, with instruction to enter judgment in his favor in accordance with the views herein expressed.

The judgment is affirmed in part and reversed in part with instructions.

*En banc.*