## FOX *v.* WALLACE ET AL.

[No. 12,134. Filed May 19, 1926. Rehearing denied December 23, 1926. Transfer denied November 16, 1928.]

*Walker & Hollett* and *Owen S. Boling*, for appellant.
*McTurnan & Higgins*, for appellees.

REMY, J.—Suit by appellees Roger B. Wallace and Elizabeth Wallace, husband and wife, against appellant Simon B. Fox and his wife, Bertha K. Fox, named as an appellee herein, for specific performance of a contract for exchange of real estate. The right of the plaintiffs to a decree of specific performance was the only issue in controversy which was presented by the pleadings and tried by the court. The court denied the decree prayed for and rendered judgment for appellees for damages in the sum of $4,200. From the judgment, this appeal is prosecuted.

The one question for consideration by this court is whether or not, under the circumstances of this case, the trial court was authorized to render the judgment for damages.

On the trial, the evidence, without conflict, showed that the real estate which appellant Fox agreed to convey was owned by him and his wife as tenants by entireties; that appellant's wife did not execute the contract; that she did not authorize her husband to execute it for her; that she refused to join her husband in a deed to consummate the real estate exchange; and that all these facts were well known to the plaintiffs long before they commenced this suit.

The theory of the complaint is not for breach of contract; the sole theory is that of an equitable proceeding for specific performance; and, on that theory, the cause was tried. See *King* v. *Edward Thompson Co.* (1914), 56 Ind. App. 274, 282, 104 N. E. 106; Pomeroy, Equity (4th ed.) §856.

In a suit for specific performance brought in good faith, and where there is ground for equitable relief, it is sometimes proper, under the code, to adapt the relief to the needs of the case and direct a judgment for damages, in order to prevent a failure of justice. See *Beck* v. *Allison* (1874), 56 N. Y. 366, 371; *Stern-*

*berger* v. *McGovern* (1874), 56 N. Y. 12. The case at bar does not fall within that class. The real estate which appellant agreed to convey, being owned by appellant and his wife as tenants by entireties, the contract in which appellant's wife did not join, was not a contract which could be specifically enforced. The right of action of the Wallaces against appellant, if any, was for breach of contract, and not for specific performance. It is apparent from the record that the cause was instituted and tried upon the wrong theory.

The rule that the judgment rendered by the court should be in conformity with the issues presented by the pleadings and the evidence adduced at the trial is fundamental; and any substantial departure from that rule is, as stated by the Court of Appeals of New York, "sure to produce surprise, confusion and injustice." *Lamphere* v. *Lang* (1914), 213 N. Y. 585, 588, 108 N. E. 82.

It follows that the action of the court in rendering the judgment for damages was contrary to law.

Reversed.