FOSTER, APPELLANT, v. CRAMER ET AL., APPELLEES.

1. RECORD NOTICE—CHATTEL MORTGAGES.

It is provided by statute that any chattel mortgage properly certified shall be admitted to record and shall thereupon, if *bona fide*, be good and valid from the time it is so recorded.

2. SAME.

If the chattel mortgage is incorrectly recorded and the record omits or changes its material provisions, then the original is not recorded and the record is not constructive notice of that instrument. It is, however, constructive notice of the mortgage as recorded and is equivalent to actual notice of what appears upon its face.

3. SAME.

When from the face of the record there appears such a state of facts as should put a reasonable man upon inquiry as to whether there was not some mistake in a recital, and when the prosecution of such inquiry would have disclosed the existence of a *bona fide* indebtedness and that the mortgage, notwithstanding the misrecital, was a valid and existing security, notice may be imputed.

*Appeal from the District Court of Arapahoe County.*

THIS is an action brought by H. E. Foster against Fred Cramer, sheriff of Arapahoe county, and the Solis Cigar Company, to recover possession of certain personal property. The case was tried to the court and judgment rendered for defendants. Plaintiff brings the case here on appeal.

Mr. A. B. SEAMAN and Mr. O. B. LIDDELL, for appellant.

Messrs. REDDIN & O'HANLON, for appellees.

MR. JUSTICE GODDARD delivered the opinion of the court.

The facts disclosed by the record which are pertinent to the questions presented for our consideration are in brief as follows:

On the 13th day of March, 1886, one J. D. Scott conveyed to plaintiff, by a chattel mortgage, the personal property in controversy to secure the payment of a certain promissory note of even date therewith, for the sum of $5,000, payable on or before March 14, 1887. This chattel mortgage was dated March 14, 1886, but, as a matter of fact was executed, acknowledged and filed for record in the recorder's office on the 13th. This note and mortgage were given in lieu of a prior mortgage between the same parties, covering the same property and to secure the payment of the same amount, executed on March 14, 1885, which by its terms fell due on March 14, 1886, and would expire on Sunday. The mortgage in question was prepared late Saturday afternoon in the recorder's office and copied from this prior mortgage, and in so copying it, by mistake the note to be secured was described as payable on the 14th of March, 1886, instead of the 14th of March, 1887. This mistake also appears in the recorded mortgage, and it is therein recited that the sum of money thereby secured was payable " on or before the 14th day of March, A. D. 1886, with interest on the same according to the tenor and effect of a certain promissory note given by the said party of the first part to the said party of the second part, bearing even date with this deed ; " etc.

The mortgaged property remained in the possession of Scott until the 10th day of November, 1886, when the defendant Cramer, as sheriff, seized and took the same into his possession by virtue of a writ of attachment sued out of the district court of Arapahoe county, in an action against Scott

brought by the Solis Cigar Company, a corporation duly organized and doing business under the laws of Colorado. The plaintiff below claims the right to the possession of the property by virtue of the chattel mortgage in question. Upon the trial the plaintiff introduced the original mortgage in evidence, which at that time had been corrected in the particular aforesaid by writing the figure " 7 " over the figure " 6."

The principal question of fact controverted on the trial was as to whether such correction was made before or after the same had been recorded. The testimony upon this point was conflicting, and the court having found against plaintiff upon this issue of fact, we are bound by such finding; and upon this review we must assume that the mortgage was correctly recorded. We think this conclusion must also prevail by force of our chattel mortgage act. It is therein provided that any chattel mortgage properly certified " shall be admitted to record * * * and shall thereupon, if *bona fide*, be good and valid from the time it is so recorded," etc.

The recording of a chattel mortgage being necessary to validate it as to parties not having actual notice thereof, it follows that if the chattel mortgage is incorrectly recorded, and the record omits or changes its material provisions, then such original is clearly not recorded, and the record is not constructive notice of that instrument.

" Any material omission or alteration will certainly prevent the record from being a constructive notice *of the original instrument* although it may appear, on the registry books, to be *an* instrument perfect and operative in all its parts." Pomeroy's Eq. Jurisp., vol. 2, § 654.

The record is, however, constructive notice of the mortgage as recorded, and is equivalent to actual notice to defendants of what appears upon its face, whether in fact they saw it or not.

The court below held that the record failed to give sufficient notice of a valid and existing mortgage upon the property attached at the time the same was seized by the sheriff, and was insufficient to put defendants upon inquiry. The

correctness of this decision is the important question presented for our consideration. It is to be borne in mind that the validity of the chattel mortgage in controversy is not questioned upon the ground of its *bona fides*, but simply upon the technical ground that the recital in the record made the same past due at the time of the attachment.

From the face of the record of this mortgage, therefore, does there appear such a state of facts as should put a reasonable man upon inquiry as to whether there was not some mistake in its recital? In other words, was there on the face of this record sufficient to put a reasonable person upon inquiry as to whether the note thereby secured became due on the day therein recited, or to raise a reasonable inference that there was a mistake in the recital in relation thereto?

We think the question must be answered in the affirmative. The mortgage was dated as of the day it expired; was acknowledged and filed for record as of a date prior to its execution. The note, which was not attempted to be set out in the mortgage *in hæc verba*, but merely described therein by way of recital, was made to fall due on the day of its date, and on the day following the record of the mortgage given to secure its payment. It also appears from the record that a prior mortgage for the same amount, covering the same property and between the same parties, executed a year previous would expire on the same day. These circumstances and facts we think constitute a transaction so at variance with the ordinary course of business as to excite a doubt of the correctness of such recital in the mind of any reasonable person.

There was also testimony which the court seems to have entirely overlooked, tending to show actual knowledge on the part of Solis, the president of defendant company, of the existence of the mortgage itself. He admits that he knew of the mortgage, but claims that it had expired. In addition, therefore, to the notice that the law conclusively presumes from the record, he might well have been held to have had such actual knowledge of the existence of the mortgage

itself as to have put him upon inquiry.   As was said in the case of *Bailey v. Galpin*, 40 Minn. 319:

"Where the attention of the interested party is directed to a defective deed or the recorded copy thereof, he may get actual knowledge of the facts sufficient to affect his conscience, and put him upon inquiry, so as to charge him with notice, which would not otherwise be legally attributable to him from the record only."

The prosecution of an inquiry on the part of defendant company would have disclosed a *bona fide* existing indebtedness, evidenced by the note itself, which by its terms would not become due until March 14, 1887; and would have ascertained that the mortgage, notwithstanding the misrecital therein, was a valid and existing security at the time its attachment was levied.   We think the court erred in its view of the law in this regard.   It therefore becomes unnecessary to consider the other objections urged by appellant, as the judgment must be reversed upon this ground.

*Reversed.*