No. 20,300.

MAMIE BACON, *Appellee*, v. JOHN W. LEDERBRAND et al. (W. M. DICKSON, *Appellant*).

SYLLABUS BY THE COURT.

VENDOR AND PURCHASER—*Mortgage—Recitals in Recorded Deed—Constructive Notice.* A purchaser of real property, the recorded deed to whose grantor contains the following: "Same to be free and clear of all encumbrance except . . . a second mortgage of Seventeen Hundred and Fifty Dollars ($1750) due Jan. 1st, 1914, which said second party assumes and agrees to pay," is not an innocent purchaser against such mortgage, although at the time of the conveyance to him the mortgage is not recorded and he has no actual notice thereof.

Appeal from Hodgeman district court; ALBERT S. FOULKS, judge. Opinion filed July 8, 1916. Affirmed.

*Roscoe H. Wilson*, of Jetmore, for the appellant; *E. R. Otis*, of Des Moines, Iowa, of counsel.

*J. B. Larimer*, of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff recovered judgment for the foreclosure of a mortgage. W. M. Dickson, one of the defendants, appeals.

July 28, 1913, M. C. Schaeffer, being then the owner of the land in controversy, conveyed it by general warranty deed to A. R. Rhine. This deed contained the following:

"Same to be free and clear of all encumbrance except one first mortgage of Twenty Five Hundred Dollars ($2500) and interest at the rate of 6% from Mch. 3rd, 1913 and a second mortgage of Seventeen Hundred and Fifty Dollars ($1750) due Jan. 1st, 1914 which said second party assumes and agrees to pay. The lease on the above described land accompanies this transfer."

August 3, 1913, M. C. Schaeffer executed a mortgage on the land in controversy to W. E. Bacon for $1750. This mortgage was due January 3, 1914, but was not recorded until February 9, 1914. January 17, 1914, A. R. Rhine conveyed this land by general warranty deed to defendant W. M. Dickson. This deed was recorded January 20, 1914. It contained no mention of any $1750 mortgage. There was no evidence that W. M. Dickson had any actual notice of the existence of the $1750 mortgage. This mortgage was assigned to the plaintiff, and in this action she seeks to foreclose it.

Dickson in his answer denied the execution of the mortgage, and alleged that there had been no consideration therefor, that at the time of the execution of the mortgage the land was the property of W. M. Dickson, that M. C. Schaeffer was never the owner thereof, that it had been conveyed to defendant Dickson by warranty deed from A. R. Rhine and his wife on January 17, 1914, that the deed had been filed for record January 20, 1914, and that the assignment of the note and mortgage to the plaintiff was without consideration. Dickson did not allege that he was the purchaser of the real property without notice of the mortgage sought to be foreclosed.

W. M. Dickson's sole contention is that the recital in the deed from Schaeffer to Rhine is not sufficient to constitute notice to Dickson and to remove from him the protection against an unrecorded mortgage which he would have under the statute, that he stands as a *bona fide* purchaser of the land,

Bacon v. Lederbrand.

for value, and without notice of this mortgage. The plaintiff in response to this, argues that the question presented by defendant Dickson was not raised in the pleadings and was not in issue at the trial.

We will leave the question presented by the plaintiff, and address ourselves to the one presented by Dickson. Our recording act must be considered in the determination of this question. Section 1670 of the General Statutes of 1909, reads:

"Every instrument in writing that conveys any real estate, or whereby any real estate may be affected, proved or acknowledged, and certified in the manner hereinbefore prescribed, may be recorded in the office of the register of deeds of the county in which such real estate is situated."

Section 1671 reads:

"Every such instrument in writing, certified and recorded in the manner hereinbefore prescribed, shall, from the time of filing the same with the register of deeds for record, impart notice to all persons of the contents thereof; and all subsequent purchasers and mortgagees shall be deemed to purchase with notice."

Notice the last clause of section 1671: "all subsequent purchasers and mortgagees shall be deemed to purchase with notice." With notice of what? With notice of the contents of all the prior recorded deeds and mortgages. The deed to the grantor of defendant Dickson recited a $1750 mortgage, and the grantee in that deed assumed and agreed to pay that mortgage. W. M. Dickson purchased with notice of that recital. Inquiry of his grantor and at least of his grantor's grantor would have revealed this $1750 unrecorded mortgage.

"A purchaser of land must look to the title-papers under which he purchases; and he is chargeable with notice of the facts appearing upon their face, and also with knowledge of all facts suggested therein, and which, with the exercise of reasonable prudence and diligence, he might have ascertained." (*Knowles v. Williams,* 58 Kan. 221, syl. ¶ 2, 48 Pac. 856.)

(See, also, *Frazier v. Jeakins,* 64 Kan. 615, 617, 68 Pac. 24; *Moore v. Griffin,* 72 Kan. 164, 166, 83 Pac. 395; *Faris v. Finnup,* 84 Kan. 122, 125, 113 Pac. 407; *Mining Co. v. Atkinson,* 85 Kan. 357, 361, 116 Pac. 499; *Newby v. Fox,* 90 Kan. 317, 325, 133 Pac. 890.)

The judgment is affirmed.