No. 22,262.

CHARLES RICHARD JOHNSON, *Appellant,* v. B. R. ABBE et al. (W. V. YOUNG, *Appellee*).

### SYLLABUS BY THE COURT.

CONVEYANCE—*Purchaser Charged with Notice of Encumbrances Suggested by Recitals in his Deed.* A purchaser of property on which there were three mortgages, one for $2,700, another for $1,502.50, both of which were of record; and also an unrecorded mortgage for $600.00 which was placed on record after the purchase, but before the transfer was completed, accepted a deed of conveyance which contained a recital:

"Made subject to a mortgage of $4,800.00, which is now a lien upon the above land, which the grantee agrees to assume and pay with interest at six per cent from date, as a part of the purchase price."

He had no actual knowledge of the unrecorded mortgage when the purchase was made, nor any notice except such as is afforded by the foregoing recital. *Held,* that the recital as to encumbrance on the property was such as to require him to inquire as to the liens that made up the recited encumbrance, and if the inquiry had been pursued with reasonable diligence, he would have learned of the $600 mortgage and is chargeable with notice of it.

Appeal from Lane district court; ALBERT S. FOULKS, judge. Opinion filed December 6, 1919. Affirmed.

*R. D. Armstrong, H. H. Rennick,* both of Scott City, *Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellant.

*J. A. Simmons,* of Dighton, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The main question presented on this appeal is whether or not a recital in an instrument of conveyance constituted notice to a purchaser of an outstanding unrecorded mortgage.

There is little dispute as to the facts upon which the issue depends. Binnie, who owned a tract of land, conveyed it to Roberts, taking a mortgage thereon to secure the payment of $2,700 of the purchase money, which was recorded. Roberts conveyed the land to Watts, subject to the mortgage for

$2,700, taking a second mortgage of $1,502.50 for part of the purchase price, and this mortgage was also placed on record. Watts transferred the tract to his wife, and the instrument recited that it was made subject to a mortgage of $4,200, which the grantee agreed to assume and pay. Later, and on July 14, 1914, Watts and wife executed a mortgage on the tract to their son, for $600, and the conveyance contained a recital that it was subject to a mortgage for $2,700, and another for $1,502.50, but this mortgage was not recorded until June 14, 1915. Prior to the recording of the $600 mortgage, and on December 26, 1914, Watts and wife conveyed the land to the defendant Rozzelle for a consideration of $50, and the deed contained the following recital:

"Made subject to a mortgage of $4,800.00, which is now a lien upon the above land, which the grantee agrees to assume and pay with interest at six per cent from date, as a part of the purchase price."

Rozzelle executed a conveyance of this tract with others to the plaintiff, Johnson, on March 23, 1915, but the deed and other papers were placed in escrow and were not actually delivered until about December 20, 1915, and the abstract of title which he delivered with the deed showed the existence of the $600 mortgage. It appears that the $2,700 mortgage was released of record on April 26, 1915, and the one for $1,502.50 was released on August 23, 1915. Rozzelle purchased the land through an agent, who testified that Watts, upon inquiry, told him there were only two mortgages out against the land, but Watts denied that any such statement was made. as there were in fact three mortgages outstanding at the time, amounting to $4,800—one for $2,700, another for $1,502.50, and the third for $600. Watts testified that he did not remember whether he mentioned the amount of the mortgages, but that the deed recited that the encumbrances amounted to $4,800. Under the findings of the court it must be assumed that the testimony of Watts as to what was said regarding the encumbrances was true. The trial court found that Rozzelle did not have any notice of the $600 mortgage when he received the deed from Watts, except such as the records imported, and he agreed to transfer the land to Johnson clear of all encumbrances. It further appears that the deed from Watts to Roberts had been executed in blank sometime before the pur-

chase was made by Roberts, and it was delivered to the agent of Roberts in that condition.

Did the exception in the conveyances which were of record, put the purchaser upon inquiry and charge him with notice of what might have been learned by inquiries suggested by the recitals in the conveyances? Instead of reciting a $2,700 mortgage, and a $1,502.50 mortgage, which amounted to $4,-202.50, the grantors placed a recital in the deed that the encumbrance was for $4,800, a sum about $600 in excess of the amounts specified in the recorded mortgages. The purchaser knew that the encumbrances were not embraced in a single instrument, as his agent was endeavoring to collect the second mortgage at the time of the purchase, and when he found that the grantors were unable to pay that debt he induced them to convey the land for the nominal sum of $50. Noticing the discrepancy of about $600 between the sum of the two mortgages which were of record, and the amount named in the exception to the deed, it was his duty to make inquiry as to the lien items embraced in the exception and ambiguously described as an encumbrance of $4,800. It is true, as we have seen, that the purchaser's agent has testified that he did make inquiry and was informed that the recited encumbrance referred to the two mortgages that were of record when the purchase was made, but his testimony was denied by the grantors and cannot, under the finding of the court, be treated as a fact. The recital was sufficient to excite the attention of a person of ordinary prudence, and put him on inquiry as to what liens were embraced in the recited encumbrance. If the inquiry had been pursued with reasonable diligence, he would have learned that it was in part made up of the $600 mortgage, which it seems was recorded before his transfer to Johnson was completed. It has been decided that—

"A purchaser of land must look to the title-papers under which he purchases; and he is chargeable with notice of the facts appearing upon their face, and also with knowledge of all facts suggested therein, and which, with the exercise of reasonable prudence and diligence, he might have ascertained." (*Knowles v. Williams*, 58 Kan. 221, syl. ¶ 2, 48 Pac. 856.)

(See, also, *Frazier v. Jeakins*, 64 Kan. 615, 68 Pac. 24; *Moore v. Griffin*, 72 Kan. 164, 83 Pac. 395; *Mining Co. v. Atkinson*,

85 Kan. 357, 116 Pac. 499; *Bacon v. Lederbrand,* 98 Kan. 631, 160 Pac. 1029; 20 R. C. L. 353.)

Within the rule of the authorities, it must be held that Rozzelle was charged with notice of the $600 mortgage, and Johnson, his grantee, stands in.the same position as Rozzelle.

The judgment is affirmed.