## No. 10,929.

## WIXON *v.* WIXON, ET AL.

Decided January 5, 1925.

Action to determine priority of liens on real property. Judgment for defendant.

*Affirmed.*

1. MORTGAGE—*Erroneous Description—Record—Effect.* A recorded mortgage on real estate which contains an erroneous description of the land conveyed, has the effect only of an unrecorded mortgage, as to third persons.

2. REFORMATION OF INSTRUMENTS—*Mortgage.* A mortgage containing an erroneous description may be reformed as to the mortgagor and mortgagee.

3. MORTGAGE—*Judgment Lien.* A judgment lien on real estate is superior to that of a mortgage which does not properly describe the land affected.

4. *Purchase money—Defective Description.* A purchase money mortgage containing a defective description of the land conveyed has no effect as to third persons so far as the property involved is concerned, until corrected, and is then effective only as of the time of correction.

5. LIENS—*Judgment—Mortgage.* The lien of a judgment creditor stands upon the same footing as that of a purchaser in good faith, as against a mortgage containing an incorrect description.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Mr. T. E. MUNSON, for plaintiff in error.

Messrs. BARTELS & BLOOD, Mr. H. C. TALLMADGE, for defendants in error.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, delivered the opinion of the court.

ON February 21, 1921, S. D. Wixon was the owner in fee of the northwest quarter of section 4, township 11,

range 52, in Logan county.  On that date he sold the land
to A. J. Wixon, taking back a purchase money mortgage in
the sum of $4,000.  The mortgage instrument, by mistake,
described the land as being in section 7, instead of section
4.  With such incorrect description, it was recorded on
March 19, 1921.

In January, 1922, The Divide Lumber & Coal Company
obtained a judgment against the grantee of the deed, A. J.
Wixon, and filed a transcript of the judgment with the
county clerk and recorder.  Thereafter S. D. Wixon
brought this action to reform the mortgage so as to have
it describe the land intended to be mortgaged, and also to
foreclose the mortgage as reformed.  The Lumber & Coal
Company sought in this action to have its judgment lien
made superior to the lien of the plaintiff's mortgage, and
was successful in the court below.  The mortgagee, S. D.
Wixon, brings the cause here for review.  The question to
be determined is which one of the two liens above men-
tioned has a priority over the other.

The plaintiff in error relies upon *Emery v. Ward*, 68
Colo. 373, 191 Pac. 99, in which it was held that a purchase
money mortgage is superior to all other liens or claims
against the mortgagor.  If the mortgage had properly de-
scribed the property, the case above cited would be con-
trolling here.  But the situation is otherwise.  So far as
section 4 is concerned, the mortgage had the effect only of
an unrecorded mortgage, because it did not describe or
mention any land as being in section 4.

The mortgage was good as between the mortgagor and
the mortgagee and could be reformed as to them, but not
as to the holder of a judgment lien accruing against the
mortgagor after the transfer of the real estate in question.
The circumstances of this case are analogous to the facts
appearing in *Davis v. Lutkiewiez*, 72 Iowa, 254, 33 N. W.
670, where it was held that a purchase money mortgage
which, like the mortgage involved in the instant case, failed
to describe the tract of land intended to be mortgaged, was
subordinate to the lien of a subsequent mortgage.  Follow-

ing the reasoning of that case, it is to be observed that in the instant case the judgment of The Divide Lumber & Coal Company became a lien upon section 4, owned by A. J. Wixon, the judgment debtor, when the transcript was filed. The judgment lien was then superior to the mortgage lien because there was no constructive notice by the record that section 4 was mortgaged, because the mortgage, due to a mistake in the description, failed to mention section 4. The subsequent correction of the mortgage could not affect the priority of the judgment lien. In accord with the case last cited, is *Thorpe v. Helmer,* 275 Ill. 86, 113 N. E. 954, holding that an unrecorded purchase money mortgage, or a mortgage of record which fails to describe the property intended to be mortgaged, does not take precedence over a subsequent judgment, or judgment lien upon such property. Under the authorities above cited, plaintiff's purchase money mortgage had no effect as against third persons, so far as section 4 is concerned, until it was corrected so as to cover said section, and when corrected it had only the effect of a mortgage given as of the time of correction, so far as the rights of third persons are involved. As against the judgment creditor it was then the same as any other mortgage recorded after the inception of the judgment lien.

The situation being as above described, and under the circumstances, the purchase money mortgage being in the same position as any other mortgage, the remaining facts of the case are practically identical with those appearing in *Wedman v. Carpenter,* 65 Colo. 63, 173 Pac. 57, where it was held that the lien of a judgment stands upon the same footing as that of a purchaser in good faith, and that as between an innocent purchaser for value, and one who has accepted a mortgage containing a false description, the former is preferred. That case is controlling here. For the reasons there given, as well as those herein stated, the judgment of the trial court is right, and it is therefore affirmed.

MR. JUSTICE BURKE and MR. JUSTICE CAMPBELL concur.