GUARANTY BANK AND TRUST COMPANY, Plaintiff–Appellant,

v.

LaSALLE NATIONAL BANK ASSOCIATION and California Federal Bank, a division of Citibank West, FSB, Defendants–Appellees.

No. 03CA1309.

Colorado Court of Appeals, Div. III.

Oct. 7, 2004.

Rehearing Denied Feb. 10, 2005.

Certiorari Granted May 16, 2005.

Podoll & Podoll, P.C., Robert C. Podoll, Greenwood Village, Colorado, for Plaintiff–Appellant.

Procopio Cory Hargreaves & Savitch, LLC, Philip J. Giacinti, Jr., Denver, Colorado, for Defendants–Appellees.

TAUBMAN, J.

In this dispute concerning constructive notice of a recorded deed of trust, plaintiff,

Guaranty Bank and Trust Company (Guaranty), appeals the trial court's summary judgment in favor of defendants, LaSalle National Bank (LaSalle) and California Federal Bank (California Federal). We affirm.

## I. Background

Martha C. Frey acquired certain real property in Castle Pines, Colorado, in 1982. When Frey acquired the property, it was legally described as "Lot 29, Castle Pines Filing 1A, according to the recorded plat thereof, County of Douglas, State of Colorado."

In 1985, Frey borrowed $675,000 from Columbia Savings Bank (Columbia), which took a security interest in the property. The property description on the Columbia deed of trust read, "Lot 29, Castle Pines Filing 1–A, County of Douglas, State of Colorado."

In 1996, Frey borrowed $300,000 from Alliance Funding, which also took a security interest in the property. The Alliance deed of trust, like the Columbia deed of trust, read, "Lot 29, Castle Pines Filing 1–A, County of Douglas, State of Colorado."

In 1997, Frey borrowed $95,000 from Colorado State Bank, and again a deed of trust secured the loan. The property description for Colorado State Bank's deed of trust, unlike that in the previous deeds, included the block number. It read, "Lot 29, Block 4, Castle Pines Filing 1A, County of Douglas, State of Colorado."

In 1999, Guaranty began making home equity loans to Frey which ultimately totaled $200,000. Repayment was secured by a deed of trust on the property. Before extending credit to Frey, Guaranty ordered ownership and encumbrance (O & E) reports from two title companies. The O & E reports disclosed the Alliance and Colorado State Bank deeds of trust. Although the Alliance deed and the Columbia deed used the same property description, which did not include the block number, the search did not disclose the Columbia deed of trust. Therefore, when Guaranty extended loans to Frey secured by a deed of trust, it had actual knowledge of Alliance's and Colorado State Bank's deeds of trust, but not Columbia's.

Subsequently, Frey defaulted on her loan payments, and the Columbia deed of trust was foreclosed by California Federal, Columbia's successor in interest. Alliance redeemed the property from the foreclosure, and the certificate of redemption was later assigned to LaSalle, the present owner of the property. Guaranty then brought an action to quiet title and judicially foreclose its own deed of trust. LaSalle responded by filing a motion for summary judgment, arguing that Guaranty took its deed of trust on the property with constructive notice of the Columbia deed of trust and thus, the foreclosure of that deed of trust was proper. The trial court granted LaSalle's motion, concluding that Guaranty had constructive notice of the Columbia deed of trust. The trial court subsequently allowed California Federal to join LaSalle's motion.

## II. Recordation

Guaranty contends that the trial court erred in granting LaSalle's and California Federal's motions for summary judgment because there was a disputed issue of material fact regarding whether Guaranty had constructive notice of the Columbia deed of trust by virtue of its recordation in the statutory grantor-grantee indices. We disagree.

We review a summary judgment de novo. *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.*, 901 P.2d 1251 (Colo.1995).

Entry of summary judgment is proper only if there is a clear showing that there is no genuine issue as to any material fact, and the burden to so demonstrate is upon the movant. *Aspen Wilderness Workshop, supra.* A fact is material if it will affect the outcome of the case. *Dominguez Reservoir Corp. v. Feil*, 854 P.2d 791 (Colo.1993); *White v. Farmers Ins. Exch.*, 946 P.2d 598 (Colo.App.1997). In response to a motion for summary judgment, an adverse party must by affidavit or otherwise set forth specific facts showing there is a genuine issue for trial. *Brown v. Teitelbaum*, 830 P.2d 1081 (Colo.App.1991). An affirmative showing of specific facts probative of the right to judgment, uncontradicted by any counteraffidavits submitted, leaves a trial court with no

alternative but to conclude that no genuine issue of material fact exists. *Terrell v. Walter E. Heller & Co.,* 165 Colo. 463, 439 P.2d 989 (1968).

■ Section 38–35–109, C.R.S.2003, defines Colorado's recording statute as a race-notice statute. The purpose of the statute is to protect bona fide purchasers without notice, or anyone who in good faith and without notice of a prior unrecorded deed or other instrument acquires a lien or encumbrance on the same tract of land. *McMurtrie v. Riddell,* 9 Colo. 497, 13 P. 181 (1887).

> In order to implement the purposes of the recording act to give notice to subsequent purchasers ... it was necessary to provide for a permanent record of a document submitted for recording and to create a system whereby that record could be discovered by someone interested in tracing the title to the property in question.

*City of Lakewood v. Mavromatis,* 817 P.2d 90, 94 (Colo.1991). Therefore, proper recording of an instrument provides constructive notice to all those claiming under the same chain of title. *Collins v. Scott,* 943 P.2d 20 (Colo.App.1996).

Section 30–10–408, C.R.S.2003, requires every county clerk and recorder to maintain grantor-grantee indices. Sections 30–10–408(1)(b), C.R.S.2003, states in pertinent part:

> The clerk and recorder shall make correct entries in the grantor index of every document filed or recorded, as required by law, concerning or affecting real estate under the appropriate headings, entering the names of the grantors in alphabetical order.

*See also* § 30–10–408(2)(b), C.R.S.2003 (parallel language for grantee index).

■ Furthermore, as long as an instrument is properly recorded, subsequent purchasers have an obligation to find it at the county clerk and recorder's office and are considered to have constructive notice of it even if they do not locate it. *Franklin Bank v. Bowling,* 74 P.3d 308 (Colo.2003); *see also* 1 Willis A. Carpenter, *Colorado Real Estate Practice* § 6 (2003) (citing Attorneys Title Guar. Fund, Inc., Colorado Real Estate Title

Standards § 1.1.3 (1997): "examining attorney's examination of title will include a search of the direct and inverted (grantor-grantee) indices of recorded documents maintained by the clerk and recorder of the county in which the property is located").

In addition, § 38–35–122, C.R.S.2003, requires certain information to be included in all documents of title. Section 38–35–122(1)(a), C.R.S.2003, states:

> All documents of title relating to real property, including instruments creating a lien on real property, except mechanics' liens and judgment liens, shall include as an aid to identification, immediately preceding or following the legal description of the property, the street address or comparable identifying numbers, if such address or numbers are displayed on the property or any building thereon.

However, § 38–35–122(3), C.R.S.2003, explains, "The fact that a document of title does not contain an address, identifying number, or assessor's schedule number or parcel number shall not render the document ineffective nor render title unmarketable if the legal description appears therein."

According to a well-known treatise on Colorado law:

> Extreme care should be used to describe the property accurately. The exact legal description should be used if available. In addition to the legal description, the deed ... must include the street address of the property if available, although the failure to include the address will not affect marketability of the title.

2 Cathy Stricklin Krendl, *Colorado Methods of Practice* § 62.24 (4th ed.1997).

The term "legal description" is defined as

> A formal description of real property, including a description of any part subject to an easement or reservation, complete enough that a particular piece of land can be located and identified. The description can be made by reference to a government survey, metes and bounds, or *lot numbers of a recorded plat.*

*Black's Law Dictionary* 903 (7th ed.1999)(emphasis added).

In support of its motion for summary judgment, LaSalle submitted affidavits from an outside attorney and its own attorney stating they had conducted title searches of the statutory grantor-grantee indices of Douglas County that disclosed the Columbia deed of trust. Guaranty failed to put forth any affidavits in response. Nor did Guaranty offer any evidence to establish that searching the grantor-grantee indices is not the regular practice of title insurance companies. Accordingly, we conclude there was no genuine issue of material fact.

### III. Property Description

Guaranty further contends that, as a matter of law, constructive notice was not provided by Columbia's recording because the filing contained an erroneous description of the property. LaSalle and California Federal contend that the property description was not erroneous, and therefore, Guaranty had constructive notice upon the filing of the Columbia deed of trust in the statutory grantor-grantee indices. We agree with LaSalle and California Federal.

### A. Legal Standard

The sufficiency of the description in a deed is a question of law for the court. *See Pirkle v. Turner*, 277 Ga. 308, 588 S.E.2d 733 (2003). If the description in a deed identifies, or furnishes the means of identifying, the property conveyed, it performs its function. *Harrison v. Everett*, 135 Colo. 55, 60, 308 P.2d 216, 219 (1957); *see also Derham v. Hill*, 57 Colo. 345, 142 P. 181 (1914)(a description is sufficient when from it the property can be identified).

The Arizona Supreme Court considered the sufficiency of a property description on similar facts. In *Wheeler Perry Co. v. Mortgage Bond Co.*, 41 Ariz. 247, 17 P.2d 331 (1932), the land at issue was described as lots 13 and 14 in Mount Pleasant tract, omitting the block number. The court determined the description was sufficient even though the block number was omitted because the identity of the land could still be established. *Wheeler, supra*, 17 P.2d at 332. Even though the *Wheeler* court was interpreting an Arizona statute with a requirement to

"particularly describe" the property, the Colorado Supreme Court applied a similar sufficiency standard in *Harrison* and as stated above, determined that the description must be sufficient to identify the property.

Accordingly, we conclude that the Columbia deed of trust provided constructive notice to Guaranty.

Our conclusion is supported by real property treatises and the Colorado Real Estate Title Standards. *Powell on Real Property* states:

> A significant minority of states have held that recording acts make indexing a part of the recording process. In those states, an incorrect indexing, or a failure to index, prevents the record from serving as constructive notice to subsequent purchasers. [However,] [e]ven in those states that require a proper indexing to have a proper recording, not all indexing errors amount to an improper recording. Some indexing errors or omissions are merely inconveniences, while others are utterly misleading. Generally, it is only the misleading ones that should be considered to result in a failure of proper recording.

14 Richard R. Powell, *Powell on Real Property* § 82.03[2][b][ii] (Michael Allan Wolf ed., 2003).

Similarly, *Patton and Palomar on Land Titles* states: "If a part of the land description is incorrect or omitted, such as a boundary or block number, but the balance appears to relate to the property involved, a title examiner is placed on inquiry and the record constitutes constructive notice." Joyce Palomar, *Patton and Palomar on Land Titles* § 81 (3d ed.2003).

Additionally, the Colorado Real Estate Title Standards discuss two relevant hypothetical examples concerning the sufficiency of property descriptions where certain information is omitted. Problem one states:

> The records show that an addition was platted as "Title Standards Addition" containing eight blocks numbered from one to eight. Another addition was platted as "Title Standards Addition, Second Filing," containing eight blocks, numbered from nine to sixteen. Another addition was

platted as "Title Standards Addition, Third Filing," containing eight blocks, numbered seventeen to twenty-four. A deed in the chain of title described the property conveyed as Lot 15, Block 18, Title Standards Addition. There being no other addition in the county which contains in its title the words "Title Standards," is this description of the property in the deed sufficient to convey Lot 15, Block 18, Title Standards Addition, Third Filing?

Problem two states:

Suppose that in the above problem "Title Standards Addition" contains eight blocks numbered from one to eight, each containing fourteen lots, numbered from one to fourteen. "Title Standards Addition, Third Filing," has eight blocks numbered from one to eight, each containing twenty-four lots, numbered from one to twenty-four. A deed in the chain of title conveys Lot 15, Block 8, Title Standards Addition. There being no other addition in the county which contains in its title the words, "Title Standards," is this description sufficient to convey Lot 15, Block 8, Title Standards Addition, Third Filing?

Attorneys Title Guar. Fund, Inc., Colorado Real Estate Title Standards § 8.2.2 (1997).

According to the title standards, both these descriptions, although incomplete, are sufficient to convey the property.

### B. Sufficient Description for Constructive Notice

Guaranty asserts that because the Columbia deed of trust erroneously described the property by not including the block number, it could not provide Guaranty with constructive notice. We disagree.

Guaranty relies on *Wedman v. Carpenter*, 65 Colo. 63, 173 P. 57 (1918), and *Wixon v. Wixon*, 76 Colo. 392, 232 P. 665 (1925), to support its argument. However, both cases are distinguishable because they concerned erroneous property descriptions. In *Wedman*, the property was described as being located in "township 37 north ... instead of township 38, as was intended." *Wedman, supra,* 65 Colo. at 64, 173 P. at 58. In *Wixon*, the mortgage mistakenly described "the land as being in section 7, instead of section 4." *Wixon, supra,* 76 Colo. at 393, 232

P. at 665. Neither property description was sufficient to establish the identity of the property. Here, the property description is incomplete, but does not describe a different parcel of property or incorrectly describe the property at issue. Therefore, we need only determine whether the description here provided sufficient information to establish the identity of the property and, thus, give constructive notice to Guaranty. We conclude that it did.

As noted, the Columbia deed of trust described the property as "Lot 29, Castle Pines Filing 1–A, County of Douglas, State of Colorado." The description included the correct lot number, subdivision, county, and state. The lot numbers in Castle Pines Filing 1–A are consecutive and do not repeat. Thus, although Castle Pines Filing 1–A included twenty blocks, it contained only one "lot 29." The description was also consistent with the definition of "legal description" stated above because it contained the lot number from the recorded plat. That information was sufficient to enable Guaranty to locate and identify the property at issue.

Under these circumstances, we conclude the description in the Columbia deed of trust was sufficient to have provided constructive notice to Guaranty.

The judgment is affirmed.

Judge VOGT and Judge PICCONE concur.