**In re Scott Hughes TAYLOR, Debtor.**

**Jeffrey L. Hill, Trustee, Plaintiff,**

**v.**

**Scott Hughes Taylor and Bayview Loan Servicing, LLC, Defendants.**

**Bankruptcy No. 08–25734 HRT. Adversary No. 09–01050 HRT.**

United States Bankruptcy Court, D. Colorado.

Dec. 3, 2009.

Sharon W. Grossenbach, Denver, CO, for Debtor.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

HOWARD R. TALLMAN, Chief Judge.

This case comes before the Court on cross-motions for summary judgment. Plaintiff Jeffrey L. Hill, Chapter 7 Trustee (the "Trustee"), filed his motion (the "Trustee's Motion," docket # 22) on July 9, 2009, to which Defendant Bayview Loan Servicing, LLC ("Bayview") filed a response (docket # 24, filed July 24, 2009), and the Trustee filed a reply (docket # 29, filed August 11, 2009). Bayview filed its motion ("Bayview's Motion," docket # 23) on July 10, 2009, to which the Trustee filed a response (docket # 25, filed July 27, 2009), and Bayview filed a reply (docket # 27, filed August 6, 2009). The Court, having reviewed the file and being fully advised, hereby concludes as follows.

### Background

The following facts are undisputed. The Debtor, Defendant Scott Hughes Taylor (the "Debtor"), owns real property located at 5494 S. Sicily Street, Aurora, CO 80015 (the "Property"). In 2004, when the Debtor and Cindy Taylor initially obtained the Property from 5494 Sicily St. Land Trust, they were issued a quit claim deed (the "2004 Deed"). The 2004 Deed correctly described the Property as Lot 7, Block *34,* Saddle Rock Ridge 1 Flg, County of Arapahoe, State of Colorado (emphasis added). The 2004 Deed further contained the Property's street address, 5494 S. Sicily Street, Aurora, CO 80016 (the "Street Address"). The 2004 Deed was recorded on December 9, 2004.

On January 9, 2007, the Debtor and Cindy Taylor executed a quit claim deed in favor of the Debtor (the "2007 Deed"). The 2007 Deed incorrectly described the Property as Lot 7, Block 4, Saddle Rock Ridge 1 Flg, County of Arapahoe, State of Colorado (emphasis added). The 2007 Deed contained the Property's correct Street Address. The 2007 Deed was recorded on February 8, 2007.

On February 2, 2007, the Debtor executed a note and deed of trust (the "Deed of Trust") for the benefit of Mortgage Electronic Registration Systems, Inc., as nominee for Ace Mortgage Funding, its successors and assigns. The Deed of Trust contained the same error in the Property's block number as the 2007 Deed, describing the Property as located in Block 4 instead of Block 34. The Deed of Trust further contained the Property's Parcel ID number, 2073–13–2–07–03, and the Property's Street Address. The Deed of Trust was recorded on February 8, 2007. The note was subsequently transferred to Bayview, which is the current holder of the note and beneficiary of the Deed of Trust.

At some point, Bayview realized that the Deed of Trust contained an error in the Property's block number. The Deed of Trust was re-recorded on October 8, 2008, at 3:25 p.m., with an indication that it was "re-recorded to correct error in legal description." On the rerecorded Deed of Trust, the incorrect block number, 4, was crossed out, and the correct block number, 34, was written in.

Also on October 8, 2008, at 12:09 p.m., a few hours prior to the re-recording of the Deed of Trust, the Debtor filed his Chapter 7 bankruptcy petition. The Trustee brought the instant adversary proceeding against the Debtor and Bayview, seeking (1) to avoid the Deed of Trust, sell the Property free and clear of liens, and obtain related relief based upon the potential avoidance of the Deed of Trust, and (2) to obtain a declaration that the re-recording of the Deed of Trust was in violation of the automatic stay and therefore a nullity. The Debtor was served with process but did not file an answer or otherwise respond to the Trustee's complaint. The Trustee's Motion and Bayview's Motion each seek summary judgment.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), incorporated herein by Fed. R. Bankr.P. 7056; *see Anderson v. Liberty Lobby,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Here, the Trustee and Bayview agree that there is no dispute as to any material fact.

### Discussion

#### A. *Avoidance of Deed of Trust*

■ The Trustee seeks to avoid the Deed of Trust using the "strong-arm" power set forth in 11 U.S.C. § 544(a)(3), which gives the Trustee the rights and powers of a bona fide purchaser ("BFP") of real property from the Debtor. If a BFP could obtain the Property free and clear of the Deed of Trust, then the Trustee will be entitled to avoid the Deed of Trust and obtain the Property free and clear of Bayview's interest. Although the Trustee's strong-arm power is granted by federal statute, the determination of what liens and interests may be avoided is a question of state law. *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990). Here, the determination of whether the Deed of Trust may be avoided is a matter of Colorado law.

■ As a race-notice state, *see* Colo. Rev.Stat. § 38–35–109, Colorado protects BFPs who acquire an interest in property without notice of a prior unrecorded deed or encumbrance on the same property. *See Guaranty Bank and Trust Co. v. LaSalle Nat. Bank Ass'n,* 111 P.3d 521, 523 (Colo.Ct.App.2004). Proper recording of a document provides constructive notice to all those claiming under the same chain of title. *Id.* Here, the Deed of Trust was recorded and was properly indexed in the grantor-grantee indices. But, it and the 2007 Deed contained an error in the legal description. This Court must determine whether the error prevented the documents from providing constructive notice of Bayview's interest in the Property.

■ The Trustee relies on two Colorado cases holding that mortgages containing incorrect legal descriptions did not provide constructive notice to a subsequent BFP. In *Wedman v. Carpenter,* 65 Colo. 63, 173 P. 57 (1918), the mortgage described the property as located in township 37, rather than 38, the actual township where the property was located. The court held that the recorded deed of trust did not provide constructive notice as to property located in township 38. *Id.* at 59. Similarly, in *Wixon v. Wixon,* 76 Colo. 392, 232 P. 665 (1925), the mortgage listed property located in section 7, rather than 4, the actual section. The court held that the mortgage did not provide constructive notice that any property in section 4 was mortgaged, because section 4 was not mentioned in the instrument. *Id.* at 666.

In both *Wedman* and *Wixon,* the party with the rights of a BFP prevailed over the negligent encumbrancer. If Colorado law had remained unchanged since 1925, this Court would be bound to reach the same result. But, many years after *Wedman* and *Wixon* were decided, the Colorado legislature enacted Colo.Rev. Stat. § 38–35–122, which provides:

(1) (a) All documents of title relating to real property, including instruments creating a lien on real property, except mechanics' liens and judgment liens, shall include as an aid to identification, immediately preceding or following the legal description of the property, the street address or comparable identifying numbers, if such address or numbers are displayed on the property or any building thereon. (b) Preparers of conveyance documents may include as an aid to identification, immediately preceding or following the legal description of the property, the assessor's schedule number or parcel number.

(2) Should any variance or ambiguity result from the inclusion of a street address, identifying number, or assessor's schedule number or parcel number on a document, the legal description of the property shall govern.

(3) The fact that a document of title does not contain an address, identifying number, or assessor's schedule number or parcel number shall not render the document ineffective nor render title unmarketable if the legal description appears therein.

Colo.Rev.Stat. § 38–35–122. Before § 38–35–122, documents may have contained only a legal description. When that legal description contained an error, as the mortgages did in the *Wedman* and *Wixon* cases, the document contained no other information that might alert a title searcher or prospective purchaser that the legal description was inaccurate. But after § 38–35–122, documents were required to contain both a legal description and a street address or other identifying information. With the addition of other identifying information, it became possible for a document to contain descriptions that were inconsistent, with some of the information correct and some incorrect, as is the case here. The 2007 Deed and the Deed of Trust contained an incorrect legal description but a correct Street Address, and the Deed of Trust also contained a correct parcel ID number. To be sure, § 38–35–122 provides that in case of an ambiguity, the legal description governs. But the question before the Court is not which one of two or more parcels the parties intended to encumber. Instead, the question before the Court is whether the Deed of Trust provided sufficient notice that a title searcher or prospective purchaser would be required to conduct further inquiry. As the U.S. District Court has held:

It is a well-settled general rule, in determining whether a purchaser had notice of outstanding equities or unrecorded interests so as to preclude him from being entitled to protection as a bona fide purchaser, that if he has knowledge of circumstances which, in the exercise of common reason and prudence, ought to put a man upon particular inquiry, he will be presumed to have made that inquiry, and will be charged with notice of every fact which would in all probability have been revealed had such investigation been undertaken.

*Jaramillo v. McLoy,* 263 F.Supp. 870, 876 (D.Colo.1967) (citing *Foster v. Cramer,* 19 Colo. 405, 35 P. 747 (1894); *Runyan v. Snyder,* 45 Colo. 156, 100 P. 420 (1909)).

The Court concludes that the Deed of Trust did provide sufficient information "to 'excite the attention' of a title searcher and

place the Trustee on inquiry notice." *Alpine Bank v. Moreno (In re Moreno)*, 293 B.R. 777, 783 (Bankr.D.Colo.2003) (citing *Burman v. Richmond Homes, Ltd.*, 821 P.2d 913, 919 (Colo.Ct.App.1991)). The 2007 Deed and the Deed of Trust were properly indexed in the grantor-grantee indices, which every county clerk and recorder is required to maintain. *See* Colo. Rev.Stat. § 30–10–408. Colorado Real Estate Title Standard § 1.1.3 (1997) provides that an "examining attorney's examination of title will include a search of the direct and inverted (grantor-grantee) indices of recorded documents maintained by the clerk and recorder of the county in which the property is located." In this case, had an examining attorney or prospective purchaser searched the grantor-grantee indices, he would have located the 2007 Deed and the Deed of Trust. Had that attorney or purchaser further reviewed those documents, he would have discovered that the address and parcel numbers matched those of the Property. As the Tenth Circuit Court of Appeals recently concluded, "We cannot imagine a reasonably prudent purchaser who would not recognize that a problem exists, make inquiry, and ascertain that the Bank's mortgage has an inadvertent error in the lot number." *Hamilton v. Washington Mutual Bank Fa (In re Colon)*, 563 F.3d 1171, 1183 (10th Cir.2009) (holding that bankruptcy trustee could not use his strong-arm powers to avoid a mortgage that contained an error in the lot number of the property's legal description).

The Trustee distinguishes *Colon*, noting that Colorado law differs from that of Kansas, the law applied by the Tenth Circuit in *Colon*. The laws of the two states do differ to some extent. In *Colon*, the Tenth Circuit relied on *Bacon v. Lederbrand*, 98 Kan. 631, 160 P. 1029 (1916), which held that a purchaser is deemed to know the contents of recorded documents in his chain of title. *See* 563 F.3d at 1181. Kansas law, as applied in *Bacon*, provides that unrecorded documents may nevertheless provide constructive notice. In contrast, Colorado law provides that unrecorded documents do not provide constructive notice. *See* Colo.Rev.Stat. § 38–35–108. But *Colon* did not involve an unrecorded deed, and neither does this case. Instead, the *Colon* court focused on factors that are similar to this case—the document was indexed in the grantor-grantee indices, and information on the document put a title searcher on notice that further inquiry was needed. Thus, the analysis of *Colon* applies equally to this case.

Other courts have similarly found the analysis of *Colon* applicable to cases outside of Kansas. In *Loyd v. Ball (In re Dailey)*, No. WO–09–011, 2009 WL 2431254 (10th Cir. BAP Aug.10, 2009), the Tenth Circuit Bankruptcy Appellate Panel, applying Oklahoma law, held that a bankruptcy trustee could not avoid a mortgage that had been improperly executed, because a party searching the grantor-grantee indices would have discovered the discrepancy, prompting further investigation that would have led him to search the tract index and thus locate the mortgage. *Id.* at *4. In *Butler v. Deutsche Bank Trust Company Americas (In re Rose)*, Adv. No. L–08–00080–8–JRL, 2009 WL 2226658 (Bankr.E.D.N.C. July 20, 2009), the bankruptcy court, applying North Carolina law, held that a bankruptcy trustee could not avoid a mortgage containing an incorrect block number, because a party searching the grantor-grantee indices would have found the document, would have noticed a discrepancy in the lot number, and would have been on notice to search further. *Id.* at *3. *Colon*, *Dailey*, and *Rose* all support this Court's conclusion that the Deed of Trust provided constructive notice of Bayview's interest in the Property.

The one reported Colorado case to apply Colo.Rev.Stat. § 38–35–122 does not require a different result. In *Guaranty Bank and Trust Co. v. LaSalle National Bank Ass'n*, 111 P.3d 521 (Colo.Ct.App. 2004), a junior mortgagee brought a quiet title action, alleging that its deed of trust was not extinguished in a senior mortgagee's foreclosure action because the senior mortgage contained an incomplete description of the property. Specifically, the property description on the senior mortgage did not include the block number from the plat. The Court of Appeals held that the property description was legally sufficient to identify the property and that the junior mortgagee had constructive notice of the senior mortgage. *Id.* at 525.

The Trustee distinguishes *Guaranty Bank* on the grounds that it involved a property description that was incomplete (in that case, missing a block number), not one that was incorrect (as here, where the block number is included but is the wrong number). The *Guaranty Bank* court itself noted as much, distinguishing *Wedman* and *Wixon*. *Id.* But, this Court concludes that the distinction is one without a meaningful difference. Although the *Guaranty Bank* court distinguished *Wedman* and *Wixon*, it also quoted with approval a treatise that contradicts the holdings of *Wedman* and *Wixon*, stating:

> "If a part of the land description is **incorrect or** omitted, such as a boundary or block number, but the balance appears to relate to the property involved, a title examiner is placed on inquiry and the record constitutes constructive notice." Joyce Palomar, *Patton and Palomar on Land Titles* § 81 (3d ed.2003).

*Id.* at 524 (emphasis added). The *Guaranty Bank* court did not rest its holding on the fact that the legal description was incomplete, rather than incorrect. Instead, it considered all the evidence of constructive notice, including both the notice provided by the grantor-grantee indices and the notice provided in the mortgage. The same evidence of notice is present in this case: the 2007 Deed and the Deed of Trust were included in the grantor-grantee indices, and the documents contained information, such as the Street Address and parcel ID number, that would place a prospective purchaser on inquiry notice. This Court therefore reaches the same result as the *Guaranty Bank* court, finding that the recorded documents in the Debtor's chain of title provided constructive notice of Bayview's interest in the Property.

Finally, the Trustee cites *Stern v. Continental Assurance Co. (In re Ryan)*, 851 F.2d 502 (1st Cir.1988), which held that a deed that lacked the signatures of two witnesses, and thus was not properly recorded, did not provide constructive notice. *Id.* at 507–510. *Ryan* has no application here. This is not a case where the applicable documents lacked the elements necessary for recording. The Court declines to extend the holding of *Ryan* beyond the facts of that case, particularly given the criticism of *Ryan* and other courts' similar holdings. *See Greater Providence Deposit Corp. v. Barnacle (In re Barnacle)*, 623 A.2d 445 (R.I.1993). The *Barnacle* court, acknowledging the majority rule that improperly recorded mortgages did not provide constructive notice but declining to follow that rule, stated:

> "The rule that a recorded defective instrument does not afford constructive notice has long been questioned." *[In re Sandy Ridge Oil Co.*, 510 N.E.2d 667, 670 (Ind.1987) ]. If we were to adopt the majority view, a disturbing situation could arise. If there is a valid recording, a failure to search the record does not protect the prospective bona fide purchaser. However, following the majority view, if there is a defectively exe-

cuted instrument recorded in the proper chain of title, failure to search the record would result in protection whereas actual discovery of the instrument would result in a duty to inquire. Adopting the majority view would result in rewarding a failure to search the chain of title. We would thus be protecting a party that failed to protect itself, most probably resulting in an unfair and an unjust windfall. What legal maxim would be served in penalizing those who search while rewarding those who do not? We find none of any value. "The overriding consideration should be that the instrument would give the purchaser a 'definite and tangible clue, which, if diligently followed up, would ordinarily bring the truth of the matter to light.' " C. Johnson, *Purpose and Scope of Recording Statutes,* 47 Iowa L.Rev. 231, 241 n. 57 (1962).

*Id.* at 449. This Court similarly concludes that the overriding consideration in this case is that the 2007 Deed and the Deed of Trust would give a purchaser a definite and tangible clue, which, if diligently followed up, would bring to light that the lot number listed on those documents was a typographical error. Such inquiry notice prevents the Trustee from avoiding the Deed of Trust.

For the above reasons, the Court will grant Bayview's Motion, concluding as a matter of Colorado law that the Trustee may not avoid the Deed of Trust and is therefore not entitled to sell the Property free and clear of liens or obtain related relief based upon the potential avoidance of the Deed of Trust.

### B. Re–Recording of Deed of Trust

■ Section 362(a)(4) of the Bankruptcy Code provides that a bankruptcy petition operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). Technically, Bayview's re-recording of the Deed of Trust a few hours after the Debtor's bankruptcy filing would qualify as an act to perfect or enforce a lien against property of the Debtor's bankruptcy estate, in violation of the automatic stay, and therefore would be void as a matter of law. *See Franklin Sav. Ass'n v. Office of Thrift Supervision,* 31 F.3d 1020, 1022 (10th Cir.1994). But, bankruptcy courts have the authority to "annul" a stay under 11 U.S.C. § 362(d), thereby retroactively reinstating an otherwise void action. *Id.* at 1023. Although annulment of the automatic stay is rare, *see id,* the Court concludes that it is appropriate in this case. Bayview had no knowledge of the Debtor's bankruptcy filing when it re-recorded the Deed of Trust only a few hours after the Debtor's petition had been filed. Further, cause exists for retroactive relief. As discussed above, the Deed of Trust, as originally recorded in 2007, already provided constructive notice, preventing a BFP from obtaining title to the Property free and clear of Bayview's interest. Thus, the re-recording of the Deed of Trust to correct the typographical error in the block number had little practical impact on any party's rights. The Court will annul the automatic stay and deny the Trustee's request to declare the re-recording of the Deed of Trust a nullity.

### Conclusion

For the reasons discussed above, the Court concludes as a matter of law that the Trustee is not entitled to avoid the Deed of Trust and is therefore not entitled to sell the Property free and clear of liens or obtain related relief based upon the potential avoidance of the Deed of Trust. The Court further concludes that cause exists to annul the automatic stay in order to retroactively reinstate the re-recording of the Deed of Trust. Accordingly, it is

HEREBY ORDERED that the Trustee's Motion, docket # 22, is DENIED. It is

FURTHER ORDERED that Bayview's Motion, docket # 23, is GRANTED. The Court shall enter a separate judgment in favor of Bayview on the Trustee's complaint.